IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JUAN CARLOS GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-11 |
| | § | CRIMINAL ACTION V-05-71 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM & ORDER**

Pending before the Court is Juan Carlos Garcia's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 31.[1] The United States responded with a motion to dismiss and a motion to expand the record. Dkt. No. 47. Petitioner moved for and was granted an extension of time to respond. Dkt. Nos. 48, 49. To date, Petitioner has not filed a response to the Government's motion. After considering the motion, record, and relevant law, the Court finds that Petitioner's motion should be DENIED and the United States' motions should be GRANTED.

**Background**

Petitioner pled guilty to a one-count indictment that he knowingly and intentionally possessed with the intent to distribute approximately 20.04 kilograms of cocaine. Dkt. No. 31. He was sentenced to a total of 87 months in prison, five years of supervised release, and ordered to pay a $100 special assessment. Dkt. No. 28. Petitioner did not appeal.

---

[1] The citations in this Order refer to Criminal Action No. V-05-71.

1

**Claim**

The Court understands Petitioner to challenge his confinement on the following grounds:

1. Petitioner attempts to allege a Brady Violation;

2. Petitioner claims he was denied effective assistance of counsel because his attorney did not explain documents that he signed and his attorney would not communicate with his family.

**Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Petitioner proceeds *pro se* in this matter. *Pro se* complaints are reviewed under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them." *United States v. Robinson*, Civ. A. No. H-09-1110, 2009 WL 1507130, at *2 (S.D. Tex. May 28, 2009); *see Haines*, 404 U.S. at 521. "Nevertheless, *pro se* litigants are still required to provide sufficient facts in support of their claims." *Robinson*, 2009 WL 1507130, at *2; citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

**Analysis**

**I. The Government's Motion to Expand the Record**

The Government moved to expand the record to include the affidavit of Noe Domingo Garza, Jr., who represented Petitioner during his preliminary hearing, arraignment, plea, and sentencing. *See* Dkt. Nos. 31, 46. Garza's affidavit details the dates on which he discussed the indictment, upcoming hearings and evidence with Petitioner. Pursuant to the Court's authority under Rule 7(a) and (b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court will grant the Government's motion and the record shall be expanded to include Garza's affidavit.

**II. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence**

Petitioner first attempts to allege a Brady violation, claiming his conviction was unconstitutionally obtained because the prosecution failed to disclose evidence favorable to him. Dkt. No. 31; *see also Brady v. Maryland*, 373 U.S. 83 (1963). To establish a Brady violation, the petitioner must prove (1) the evidence was favorable to the accused; (2) the government willfully or inadvertently suppressed the evidence; and (3) prejudice ensued. *See Powell v. Quarterman*, 536 F.3d 325 (5th Cir. 2008) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Specifically, Petitioner states, "Because when I was arrested I never seen [sic] the drug either when the agents weight [sic] that drug which means the evidence for which I was charged." Dkt. No. 31. Petitioner's supporting facts are incomprehensible, so it is impossible to know what Petitioner is alleging. Claiming a Brady violation without articulate supporting facts is insufficient to obtain relief. However, to the extent Petitioner is denying that he had knowledge of the cocaine in his possession, this denial is contradicted by the record. He pled guilty to the charges in Count One of

the indictment and in his allocution at sentencing he stated, "Only that I am regretful for what I have done. I have no words. I regret very much what I did. I know I did wrong. That's all." Dkt. No. 39. Petitioner's conclusory allegation is incapable of raising a constitutional issue sufficient to afford him relief.

Petitioner next alleges that Garza rendered ineffective assistance. *Id.* Petitioner's claim of ineffective assistance of counsel is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687. This means that a movant must first show that counsel's performance was outside the broad range of what is considered reasonable assistance and second, that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

To succeed on a claim of ineffective assistance of counsel, the record must support Petitioner's allegations. *Handy v. United States*, Civ. A. No. 6:07-cv-300, 2008 WL 4612909, at *2 (E.D. Tex. Oct. 16, 2008) (citing *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982)). "Judicial scrutiny of counsel's assistance must be highly deferential, requiring a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Handy*,

4


2008 WL 4612909, at *2 (citing *Strickland*, 466 U.S. at 689) (internal quotation marks omitted).

Petitioner first offers, "Because my attorney never explain me [sic] what was written on the papers that I was writing my signature either read me [sic] on my own lenguage [sic] those papers when he is able to read speak and write Spanish, besides he never got any agreement with the prosecution. . . ." *Id.* However, during his rearraignment, the Court asked Petitioner if his attorney read and explained the indictment to him. *See* Rearraignment Transcript ("RT"), Dkt. No. 38, p. 11. Petitioner replied in the affirmative. *Id.* The record also indicates that the Court asked Petitioner if he understood the charges and Petitioner again replied in the affirmative. *Id.* at 12. Finally, the record shows Petitioner replied in the affirmative when the Court asked Petitioner whether he was satisfied with the representation he received from his attorney. *Id.* A defendant's statements in open court carry a strong presumption of verity. *United States v. Lampazione*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, in his affidavit, Garza swears, "[I]t is simply not true that I did not explain to Mr. Garcia what was written on the documents that he signed. All documents provided to Mr. Garcia in support of his guilty [plea] were explained to him by me in the Spanish language." Dkt. No. 47. In his affidavit Garza states that he "discussed in detail" Petitioner's background, circumstances, arrest reports, lab report, sentence data sheet, and memorandum of plea agreement. Garza also swears that he discussed with Petitioner the criminal indictment, the importance of qualifying for acceptance of responsibility, what to expect at sentencing, and what to say to the Court. *Id.* Moreover, Garza swore that he and other interpreters translated various documents for Petitioner. *See id.* Petitioner's statements to the contrary are insufficient to prove that his attorney's performance was deficient.

Finally, Petitioner claims, "when my family trated [sic] to communicate wih [sic] him he

never want to talk with them." Dkt. No. 31. Conversely, Garza's affidavit states, "Mr. Garcia and his mother (family) were kept informed as to how Mr. Garcia's case was proceeding up until the date of his sentencing." *Id.* The record does not support Petitioner's claim that his counsel provided ineffective assistance; therefore, Petitioner's claim lacks merit.

Petitioner has failed to show that he is entitled to relief under the applicable standards of review. Therefore, the Government's motion to dismiss should be GRANTED.

## III. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit judge or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

To obtain a COA, Petitioner must make a substantial showing of the denial of a constitutional right." *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a

constitutional right.  The issuance of a COA in this action is DENIED.

## Conclusion

For the foregoing reasons, Petitioner's motion under 28 U.S.C. § 2255 is DENIED.  A certificate of appealability shall not issue.

It is so ORDERED.

Signed this 2nd day of July, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE